UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH PHILLIPS,<br><br>    Plaintiff,<br><br>v.<br><br>SUSAN HUSSEY,<br><br>    Defendant. | No. CV-08-5088-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ISSUE A STRIKE and DENYING AS MOOT PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME AND STAY OF DISCOVERY, AND TO AMEND PLEADINGS OR ADD NAMED PARTIES.<br>(Ct. Rec. 30,39,40) |

    Plaintiff Joseph Phillips ("Plaintiff") is incarcerated at the Stafford Creek Correction Center ("SCCC") in Aberdeen, Washington and is proceeding *pro se* and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Ct. Rec. 1,6, 18). This action was filed on December 10, 2008. The defendant, a Department of Corrections (DOC) nurse, is represented by Senior Assistant Attorney General Jarold P. Cartwright. The parties have consented to proceed before a Magistrate Judge in this case. (Ct. Rec. 20.)

    Before the Court is defendant's motion to dismiss and issue plaintiff a strike (Ct. Rec. 30) set for hearing September 30, 2009 (Ct. Rec. 37) without oral argument. Plaintiff filed two

ORDER ON DEFENDANT'S MOTION TO DISMISS
AND ISSUE STRIKE and PLAINTIFF'S MOTIONS
TO EXTEND DISCOVERY AND TO AMEND PLEADINGS
OR ADD PARTIES - 1

motions, a motion to amend pleadings or add named parties (Ct. Rec. 39), and a motion for extension of time and request for stay of discovery (Ct. Rec. 40) set by Plaintiff for hearing without argument October 30, 2009 (Ct. Rec. 44.) Defendant responded (Ct. Rec. 41, 42).

I. <u>Facts alleged in the complaint</u>

Plaintiff alleges his civil rights were violated when a DOC nurse, Susan Hussey, R.N., "ripped" out stitches from a laceration, cut him during removal of the sutures from a laceration on his wrist, and refused to treat him, resulting in a "bad infection." Defendant alleges Mr. Phillips failed to exhaust his administrative remedies, available through the DOC grievance procedures, because he failed to allege the same factual basis in his grievance as in his complaint (Ct. Rec. 31 at 2-5, 9, 12-13), and filing a new grievance based on the facts alleged in the complaint is now time barred. (Ct. Rec. 31 at 13.) Defendant additionally asks the Court to issue strike pursuant to 42 U.S.C. § 1915(g). (Ct. Rec. 30 at 13-15.)

In his complaint, Mr. Phillips alleges before defendant removed the stitches, he saw her

> shaking very very badly . . . and so I asked [her] for a medical refusal form and [she] would not give me one . . . [She] starts to take the stitches out of my left forearm first and she is struggling to do that. . . [She] start[ed] to shake more and the [corrections officer] that's standing there tells [her] that she looks really pretty[.] [Defendant is] shaking while she is removing my stitches and the [corrections officer] that was standing there was telling [defendant] that she is really cute.
> . . .
> [T]he [corrections officer] was telling [defendant]

ORDER ON DEFENDANT'S MOTION TO DISMISS
AND ISSUE STRIKE and PLAINTIFF'S MOTIONS
TO EXTEND DISCOVERY AND TO AMEND PLEADINGS
OR ADD PARTIES - 2

> a whole bunch of inappropriate stuff while she was
> trying to remove my stitches and the whole time I
> was asking for a medical refusal form because the
> [corrections officer] was [distracting defendant]
> from what she was doing and [defendant] even had
> a penlight flashlight with her and she was
> complaining . . . she couldn't see what she was doing
> . . .
>
> [Defendant] cut me with the scissors that she was
> using and she ripped out half of my stitches[.]
> [Defendant] did not stop when I asked her to[.] I
> reported it and tried to get pictures taken of what
> she did and I was told to suck it up and stop crying[,]
> it will heal up[.] [T]hey said that I cut on myself
> so it should[n't] matter[.]
>
> . . .
>
> a couple days later where [defendant] cut me and
> ripped out my stitches I got a bad infection and it
> started to blister up and nobody would do anything
> about it[.] [M]y wrist would bleed and infection
> would gush out and nobody would clean it[.] The
> scissors that [defendant] was using did not have
> [a] safety guard . . . and she could not see what
> she was doing[.] I have a mental health condition
> and I have suicidal thoughts and do self harm[.]
> I tried to kill myself and I cut myself on the
> forearm and wrist pretty bad and deep[.] [Defendant]
> did not give me a medical refusal form like I asked . . .
>
> and she did not do [anything] to stop the [corrections
> officer] making inappropriate comments that [took] her
> concentration away . . .
>
> [S]he did not put a band-aid on or clean it after
> she was done[,] but she did laugh at me and was rude
> and didn't acknowledge any of my needs . . .
>
> [A]nytime that I asked her something she told me to
> shut up and I don't get nothing [sic] or deserve
> nothing.

(Ct. Rec. 1 at 3.)

The medical record shows: (1) defendant removed sutures from a laceration on plaintiff's left forearm on July 11, 2008. (Ct. Rec. 32 at 2, 36); and (2) on July 15, 2008, plaintiff asked for (by way of grievance) wrist and elbow braces because of chronic

ORDER ON DEFENDANT'S MOTION TO DISMISS
AND ISSUE STRIKE and PLAINTIFF'S MOTIONS
TO EXTEND DISCOVERY AND TO AMEND PLEADINGS
OR ADD PARTIES - 3

pain in those joints. He made no complaint about infection or any problems with the wound where the sutures had been removed on July 11, 2008. (Ct. Rec. 32 at 2.)

II. <u>Facts alleged in the grievance</u>

On August 1, 2008[1], plaintiff filed a Level I Grievance:

> "I WANT TO GRIEVE: Second shift nurse [defendant] because on a number of occasions the officer that walks her around to pill line always makes inappropriate comments to her and she encourages him to do it and don't [sic] say anything about it or ask him to stop and that is very unprofessional[.] [O]ne time I was [having] my stitches taking [sic] out and she was shaking really bad[.] [H]e said that she was really cute why [sic] [while] she was doing that and she should concentrate and she was ripping the stitches[.] [A]nother time they were coming in the pod to do pill line and the[y] stopped in front of my cell [and] he told her that she should wear more light color clothes like light pink instead of all those dark colors that she wears and then she forgot my nose spray and [when] she went to get it he stated that he like[d] the view from where he was standing[.] [H]e made a comment about her butt [and] this situation [has] been going on for awhile[.] [S]he get[s] so [distracted] by him that I don't even get all my meds[.] [sic] something and then when I let both officer[s] know that I didn't get all my meds she doesn't bring them to me[.] I'm being discriminated against and my rights are being violated because I should be able to get my meds with no problems and I shouldn't have to listen to that kind of talk that be [sic] going on between sussan [sic] and the officer that walks her around during pill line and I shouldn't have to deal with that[.] I should be able to get all my meds with no problems.
>
> SUGGESTED REMEDY: There should be either a different person walking around with the nurse at pill line time or there should be a different nurse passing out meds on second shift and I should get an apology from Sussan [sic] because of the way she['s] been treating [me] and she should give me an apology for being unprofessional and letting that kind of talk

---

[1]Defendant does not argue the grievance was untimely filed.

ORDER ON DEFENDANT'S MOTION TO DISMISS
AND ISSUE STRIKE and PLAINTIFF'S MOTIONS
TO EXTEND DISCOVERY AND TO AMEND PLEADINGS
OR ADD PARTIES - 4

```
        go on between those two[.] [J]ust because she's a
        nurse and he's an officer it doesn't [say] [anywhere]
        in the policy that they can talk like that or conduct
        themsel[ves] like that.
```

(Ct. Rec. 33-2 at 5.)

As noted, defendant argues plaintiff failed to exhaust the claim because his grievance does not allege the same facts as the complaint. Specifically, defendant points out the grievance fails to indicate the defendant nurse cut Mr. Phillips or that the wound became infected. (Ct. Rec. 31 at 3.)

III. <u>Procedural history</u>

Plaintiff's grievance was denied on August 15, 2008:

> "K. King reports: I have investigated this complaint and interviewed RN Hussey. She states there have not been any inappropriate conversations between her and custody staff. Further nursing supervisor R. Cross has reviewed your Administrative and Health Records and has found that your medications have been provided to you as prescribed."

(Ct. Rec. 34 at 5.)

Plaintiff did not appeal the denial of this Level I grievance. (Ct. Rec. 34 at 5.) Defendant asserts that by failing to appeal the adverse grievance decision, plaintiff failed to exhaust his administrative remedies as required. (Ct. Rec. 31 at 14, relying in part on Ct. Rec. 34 at 5.)

The Court notes a nursing supervisor made a serious infraction report against plaintiff on July 16, 2008, based on inappropriate "romantic" correspondence written by Mr. Phillips to the defendant. (Ct. Rec. 31 at 2, referring to Ct. Rec. 35-2 at 6.) While not directly related to the exhaustion issue and as discussed more fully below, the Court observes the serious

ORDER ON DEFENDANT'S MOTION TO DISMISS
AND ISSUE STRIKE and PLAINTIFF'S MOTIONS
TO EXTEND DISCOVERY AND TO AMEND PLEADINGS
OR ADD PARTIES - 5

infraction report may be relevant to whether a strike should issue, particularly since it was issued two weeks before Mr. Phillips filed his grievance against defendant.

IV. Analysis

*A. Failure to exhaust administrative remedies*

Defendant correctly observes that when, as in this case, an answer is filed before a motion to dismiss[2], the motion is considered a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Ct. Rec. 31 at 7, citing *Blenheim v. Dawson & Hall Ltd.*, 35 Wn. App. 435 (1983).

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). However, before an inmate may file a § 1983 or other federal lawsuit, he must first exhaust the available administrative remedies. See 42 U.S.C. § 1997e(a)(1996); *Porter v. Nussle*, 53 U.S. 516, 532 (2002).

The record clearly shows Mr. Phillips failed to exhaust his administrative remedies through the prison grievance procedure. Plaintiff filed a grievance on August 1, 2008. (Ct. Rec. 34 at 4-5.) The DOC issued an adverse determination (denial) on August 15, 2008. (Ct. Rec. 34 at 5.) Thereafter, Mr. Phillips failed to appeal the denial to the next administrativae level by filing a Level 2 grievance. (Ct. Rec. 31 at 6-7, 9-13, 34 at 5.) Mr. Phillips's failure to exhaust his administrative remedies before

---

[2] for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6)

ORDER ON DEFENDANT'S MOTION TO DISMISS
AND ISSUE STRIKE and PLAINTIFF'S MOTIONS
TO EXTEND DISCOVERY AND TO AMEND PLEADINGS
OR ADD PARTIES - 6

filing suit is fatal to his claim.

Nor can the court dismiss without prejudice to give Mr. Phillips time to exhaust his administrative remedies.  Mr. Phillips's grievance form and adverse response states: "You may appeal this response by submitting a written appeal to the coordinator within two (2) working days from [the] date this response was received."  (Ct. Rec. 33-2 at 5.)  Mr. Phillips failed to submit a written appeal within two working days; in fact, he has never appealed the adverse determination. Because plaintiff failed to exhaust his administrative remedies as required before filing his § 1983 claim, the defendant's **motion to dismiss the complaint with prejudice (Ct. Rec. 30) is GRANTED**.

*B. Issuing a strike pursuant to 42 U.S.C. § 1915(g)*

Defendant asks the Court to issue a strike because the complaint is frivolous and plaintiff deceived the Court by misrepresenting that he completed the grievance process. (Ct. Rec. 31 at 14.)

Plaintiff answered several questions in the complaint as follows:

II. B.  Have you filed any grievances concerning the facts related to this complaint? YES

  C.  Is the grievance process completed? YES

  D.  Have you sought other informal or formal relief from the proper administrative officials regarding the acts alleged in this complaint? YES.

(Ct. Rec. 1 at 2.)

Defendant points out plaintiff's deception with respect to

ORDER ON DEFENDANT'S MOTION TO DISMISS
AND ISSUE STRIKE and PLAINTIFF'S MOTIONS
TO EXTEND DISCOVERY AND TO AMEND PLEADINGS
OR ADD PARTIES - 7

exhaustion prevented the Court from properly screening the complaint before directing service on the defendant, resulting in time wasted by the Court, the DOC and the assistant attorney general -- exactly the waste the Prison Litigation Reform Act was intended to prevent. (Ct. Rec. 31 at 14-15.)

If an action is dismissed as frivolous, malicious or because it fails to state a claim, the dismissed case counts as a strike. 42 U.S.C. § 1915(g). A complaint is frivolous if it lacks an arguable basis either in law or in fact. See e.g., *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant appears to allege the complaint is frivolous (plaintiff's "action should be construed as a strike because it is frivolous) and malicious (a "case is malicious if it was filed with the 'intention or desire to harm another' . . . there is evidence suggesting that Plaintiff has brought this action against Ms. Hussey in retaliation for her complaint about his attempt at romantic advances.")(Ct Rec. 31 at 14) (internal quotation omitted).

The Court finds the complaint is frivolous because it has no arguable basis in law. Plaintiff filed the complaint averring he completed the grievance process when he had not. Plaintiff is not a stranger to the exhaustion requirement. Plaintiff's § 1983 claim in another case was dismissed on February 5, 2007 (about ten months before Mr. Phillips filed the current complaint), for failure to exhaust administrative remedies. (*See case* CV-06-5070-EFS at Ct. Rec. 10.) Plaintiff's failure to exhaust prior to filing suit, and misrepresenting he did so, constitutes lack of an

ORDER ON DEFENDANT'S MOTION TO DISMISS
AND ISSUE STRIKE and PLAINTIFF'S MOTIONS
TO EXTEND DISCOVERY AND TO AMEND PLEADINGS
OR ADD PARTIES - 8

arguable basis in law.

VI. <u>Conclusion</u>

For the reasons discussed above, the Court **GRANTS** Defendants' motion to dismiss the complaint with prejudice. (**Ct. Rec. 30.**) The Court further **ORDERS** that Plaintiff's complaint be dismissed with prejudice and **COUNT AS A STRIKE** pursuant to 42 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's motion to amend pleadings or add named parties (**Ct. Rec. 39**) and for an extension of time to complete discovery (**Ct. Rec. 40**) **are both denied as MOOT**. The **hearing on the motion to extend time on October 30, 2009 as STRICKEN AS MOOT.**

The District Court Executive is directed to enter this order and to forward copies to Plaintiff and counsel for Defendant.

DATED this 30th day of September, 2009.

                                            *S/James P. Hutton*
                                            JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE

ORDER ON DEFENDANT'S MOTION TO DISMISS
AND ISSUE STRIKE and PLAINTIFF'S MOTIONS
TO EXTEND DISCOVERY AND TO AMEND PLEADINGS
OR ADD PARTIES - 9